**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

EDUARDO CASTRO,
        *Defendant-Appellant.*

No. 09-50164

D.C. No.
3:08-CR-00881-W-1

AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted
January 13, 2010—Pasadena, California

Filed March 26, 2010
Amended June 4, 2010

Before: Alfred T. Goodwin, William C. Canby, Jr. and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Goodwin

## COUNSEL

Anthony E. Colombo, Jr., San Diego, California, for the defendant-appellant.

Steve Miller, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

GOODWIN, Senior Circuit Judge:

The opinion filed March 26, 2010, and appearing at 599 F.3d 1050 (9th Cir. 2010), is ordered amended and filed herewith.

Eduardo Castro, convicted of attempted reentry into the United States after removal in violation of 8 U.S.C. § 1326, appeals his forty-six month sentence. Castro's sentence includes a sixteen-level increase in offense level for a prior conviction under California Penal Code section 288(c)(1), which criminalizes lewd or lascivious acts on a child of 14 or 15 years by a person at least ten years older than the child. Cal. Penal Code § 288(c)(1). Castro argues that a conviction under section 288(c)(1) does not constitute a "crime of violence" warranting a sixteen-level increase under United States Sentencing Guideline § 2L1.2(b)(1)(A). U.S. Sentencing Guidelines Manual "U.S.S.G." § 2L1.2(b)(1)(A) (2009). We have jurisdiction under 28 U.S.C. § 1291. We hold that a conviction under California Penal Code section 288(c)(1) categorically does not constitute "sexual abuse of a minor" and therefore does not qualify as a crime of violence warranting a sixteen-level increase. We therefore vacate Castro's sentence and remand for resentencing.

Castro also argues that the district court imposed an unreasonable sentence and that it erred by increasing the statutory maximum under 8 U.S.C. § 1326(b) because Castro's prior conviction was neither alleged in the indictment nor admitted by him. Because we vacate Castro's sentence, we do not address whether the sentence was reasonable. Nor do we reach his argument that the district court erred by increasing the statutory maximum because, as Castro concedes, that argument is foreclosed by precedent. *See, e.g.*, *United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009).

## FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2008, immigration and border patrol agents arrested Castro while executing a search warrant at the home of his ex-wife, who had been arrested two or three weeks earlier for smuggling illegal aliens into the United States. Castro, a citizen of Mexico, had been deported in 2003 after pleading guilty to committing lewd or lascivious acts on a child of 14 or 15 years, a felony, under California Penal Code section 288(c)(1).

On March 23, 2009, Castro pleaded guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. At sentencing, the district court concluded that Castro's prior conviction under section 288(c)(1) constituted "sexual abuse of a minor" and was therefore a crime of violence for purposes of sentencing enhancement. The court found a base offense level of eight, U.S.S.G. § 2L1.2(a); a sixteen-level increase based on a prior conviction for a crime of violence, *id.* § 2L1.2(b)(1)(A)(ii); and a three-level decrease for acceptance of responsibility, *id.* § 3E1.1, and sentenced Castro to forty-six months in prison and three years of supervised release. Castro timely appealed.

## DISCUSSION

**[1]** Castro contends that his prior conviction under California Penal Code section 288(c)(1) does not qualify as a crime of violence warranting a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A). For a violation of 8 U.S.C. § 1326, the Sentencing Guidelines provide for a base offense level of eight and instruct that the offense level be increased by sixteen levels "[i]f the defendant previously was deported . . . after . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). For purposes of the Sentencing Guidelines, "crime of violence" includes, inter alia, "sexual abuse of a minor." *Id.* at cmt. n.1(B)(iii). We hold that section 288(c)(1) is broader than the

generic offense of sexual abuse of a minor and that it therefore is not categorically a crime of violence.

**[2]** To determine whether a conviction under section 288(c)(1) constitutes "sexual abuse of a minor," we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). "Under the categorical approach, we 'compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition.' " *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (quoting *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007)). "We do not examine the facts underlying the offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' " *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc) (quoting *Taylor*, 495 U.S. at 602).

**[3]** The statute of conviction, California Penal Code section 288(c)(1), criminalizes the conduct of "[a]ny person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child." Cal. Penal Code § 288(c)(1). Section 288(a), in turn, applies to "[a]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." *Id.* § 288(a). Section 288(c)(1) therefore contains the following five elements: (1) willfully and lewdly; (2) committing any lewd or lascivious act; (3) on a child ages 14 or 15; (4) with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child; and (5) the defendant must be at least ten years older than the child.

**[4]** Our case law recognizes two different generic federal definitions of "sexual abuse of a minor." *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013 (9th Cir. 2009).[1] The first generic definition contains three elements: (1) sexual conduct; (2) with a minor; (3) that constitutes abuse. *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). We define the first two elements—(1) sexual conduct; (2) with a minor —by " 'employing the ordinary, contemporary, and common meaning of the words that Congress used.' " *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (quoting *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1174 (9th Cir. 1999)). A statute of conviction contains the third element, "abuse," if it expressly prohibits conduct that causes " 'physical or psychological harm' in light of the age of the victim in question." *Medina-Villa*, 567 F.3d at 513. Sexual conduct with younger children is per se abusive. *Id.* at 514-15. Because "[t]he conduct reached by Section 288(a) indisputably falls with the common, everyday meanings of the words 'sexual' and 'minor,' " *Baron-Medina*, 187 F.3d at 1147, and because it applies only to sexual conduct with younger children, we have previously held that a conviction under section 288(a) categorically constitutes "sexual abuse of a minor" for purposes of sentencing enhancement. *See id.*; *Medina-Villa*, 567 F.3d at 516.

**[5]** Section 288(c)(1), however, is categorically broader than this first generic definition. Although it contains two elements of the generic crime—(1) sexual conduct; (2) with a minor—it is broader than the generic crime because it criminalizes conduct that does not necessarily constitute abuse. Section 288(c)(1) does not expressly include physical or psy-

---

[1]Although *Pelayo-Garcia* addressed whether a statute of conviction constituted an "aggravated felony" in the immigration context, 8 U.S.C. § 1101(a)(43), and the present case concerns whether the statute of conviction constitutes a "crime of violence" in the sentencing context, U.S.S.G. § 2L1.2, the analysis is the same. *See Pelayo-Garcia*, 589 F.3d at 1013 n.1; *Medina-Villa*, 567 F.3d at 511-12.

chological abuse as an element of the crime. Moreover, unlike section 288(a), which applies only where the minor is younger than 14, section 288(c)(1) does not address conduct that is per se abusive. *See Pelayo-Garcia*, 589 F.3d at 1015-16 (concluding that sexual conduct with a 15-year-old child is not per se abusive). Section 288(c)(1) is therefore broader than the first generic definition of sexual abuse of a minor.

**[6]** We next compare section 288(c)(1) to the generic definition of sexual abuse of a minor set forth by an en banc panel in *Estrada-Espinoza*. This definition contains four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." 546 F.3d at 1152. Although *Estrada-Espinoza* referred to those elements, derived from 18 U.S.C. § 2243, as defining "sexual abuse of a minor" generally, we subsequently clarified that the *Estrada-Espinoza* definition "encompassed statutory rape crimes only." *Medina-Villa*, 567 F.3d at 514-15; *accord Pelayo-Garcia*, 598 F.3d at 1013-14. As *Medina-Villa* noted, reading the *Estrada-Espinoza* definition to define the universe of crimes constituting "sexual abuse of a minor" would lead to absurd results, because the *Estrada-Espinoza* definition excludes crimes against children under 12; moreover, it would "eliminate the need for the separate and independent example of 'statutory rape' as a 'crime of violence' " for purposes of U.S.S.G. § 2L1.2(b)(1)(A). *Medina-Villa*, 567 F.3d at 515-16. Rather than defining the universe of crimes constituting "sexual abuse of a minor," therefore, *Estrada-Espinoza* set forth a second generic federal definition.

Section 288(c)(1) is also broader than this second generic definition of sexual abuse of a minor. It contains three of the required four elements: it applies to minors within the generic crime's designated age range; it requires an age difference greater than the generic crime's required four years; and it contains the mens rea requirement because, in this context, a

defendant cannot act "willfully" without also acting "knowingly." This is so because the mens rea requirement of "knowingly" applies only to the defendant's act of engaging in a sexual act, *Pelayo-Garcia*, 589 F.3d at 1013, and California Penal Code section 7(1) defines "willfully" as implying "a purpose or willingness to commit the act." Cal. Penal Code § 7(1). A defendant cannot logically have a purpose or willingness to commit an act without knowing that he or she is engaging in the act. Section 288(c)(1) therefore contains three elements of the second generic definition.

**[7]** Section 288(c)(1), however, is categorically broader than the generic offense because it is missing one element of the generic crime, a "sexual act." For purposes of the generic offense of sexual abuse of a minor set out in 18 U.S.C. § 2243, "sexual act" is defined as follows:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2). Thus, for present purposes, "sexual act" requires, at a minimum, an intentional touching, not through the clothing, of a minor's genitalia.

**[8]** Section 288(c)(1), however, contains no such requirement; it requires only a "lewd or lascivious" act. Lewd touching, for purposes of section 288, can occur through a victim's clothing and can involve any part of the victim's body. *People v. Martinez*, 903 P.2d 1037, 1042-43 (Cal. 1995). Moreover, a lewd or lascivious act need not involve touching at all; a defendant can violate section 288 by instructing a minor to disrobe. *People v. Mickle*, 814 P.2d 290, 308-09 (Cal. 1991). Because a defendant could be convicted under section 288(c)(1) even if the government failed to prove beyond a reasonable doubt that the conduct constituted a "sexual act," section 288(c)(1) is broader than the second generic definition of sexual abuse of a minor. Therefore, because it falls outside both generic definitions of "sexual abuse of a minor," a conviction under California Penal Code section 288(c)(1) does not categorically constitute a crime of violence for purposes of the sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A).[2]

Where, as here, the government has not asked us to apply the modified categorical approach, we do not do so. *See Latu v. Mukasey*, 547 F.3d 1070, 1076 (9th Cir. 2008). Because we remand for resentencing on an open record, *see United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc), the district court has discretion to consider the modified categorical issue on remand. We retain jurisdiction to hear an appeal after resentencing.

VACATED and REMANDED for resentencing.

---

[2]We do not address whether section 288(c)(1) constitutes the generic offense of "statutory rape" and therefore constitutes a "crime of violence," *see* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii), because the parties have not raised that issue.