**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30035 |
| Plaintiff - Appellee, | DC No. CR 08-0525 KI |
| v. | |
| MANUEL ELIAS-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted October 4, 2010
Portland, Oregon

Before:     TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

Manuel Elias-Garcia ("Elias") appeals the 40-month sentence he received

following his guilty plea to one count of illegal re-entry after removal, in violation

of 8 U.S.C. § 1326.  We review the district court's interpretation of the Guidelines

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*de novo*. *United States v. Coronado*, 603 F.3d 706, 708 (9th Cir. 2010). We affirm.

Elias takes issue with the district court's finding that he had previously been convicted of a "crime of violence," which resulted in a 16-level enhancement to his offense level. *See* U.S.S.G. § 2L1.2(b)(1)(A) (2009). The district court imposed this enhancement because it determined that Elias' 1996 conviction pursuant to a guilty plea to two counts of attempted first degree sexual abuse constituted "sexual abuse of a minor." *See* U.S.S.G. § 2L1.2, app n.1(B)(iii) (2009) (defining "crime of violence" to include "sexual abuse of a minor").

We conclude that the district court properly applied the 16-level enhancement because Elias' prior conviction amounted to "sexual abuse of a minor" under the modified categorical approach. By pleading guilty to the first two counts in the indictment, Elias admitted that he attempted to touch the lips and breasts of a girl under the age of 14. *See United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam) (listing documents to be considered under modified categorical approach). This conduct was sufficient to satisfy the three elements of the generic federal definition of sexual abuse of a minor: "1) sexual conduct; 2) with a minor; 3) that constitutes abuse." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010). The conduct Elias admitted to was undisputedly sexual. We consider whether conduct is sexual by

"employing the ordinary, contemporary, and common meaning of the words that Congress used." *United States v. Castro*, 607 F.3d 566, 568 (9th Cir. 2010); s*ee also United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (concluding that even "'innocuous' touching, 'innocently and warmly received,'" constitutes sexual conduct when "effected with lewd intent"); *see also* Or. Rev. Stat. § 163.305(6) (defining "sexual contact" to include "any touching of the sexual or other intimate parts of a person . . . for the purpose of arousing or gratifying the sexual desire or either party"). The admission that the victim was under 14 satisfies the final two elements. *See Valencia-Barragan*, 608 F.3d at 1107; *see also Baron-Medina*, 187 F.3d at 1147 (concluding that the use of children under 14 for the gratification of sexual desire necessarily constitutes abuse).

We have previously recognized a second generic definition for sexual abuse of a minor. *See Estrada-Espinoza v. Mukasey*, 546 F.2d 1147 (9th Cir. 2008) (en banc). Our case law teaches, however, that the two definitions are complementary. *See Castro*, 607 F.3d at 568-69. The proper analysis is to determine whether the prior conviction is in accord with either definition. *Id.* Because Elias' prior conviction satisfies the elements of one of the generic definitions of sexual abuse

-3-

of a minor, the district court correctly calculated Elias' offense level under the

Sentencing Guidelines.  His sentence is therefore

**AFFIRMED.**