**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

TYLER GEORGE FARMER,
            *Defendant-Appellant.*

No. 09-50124

D.C. No.
2:08-cr-00516-
GW-1

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
May 7, 2010—Pasadena, California

Filed December 6, 2010

Before: John T. Noonan, Richard R. Clifton and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee;
Concurrence by Judge Bybee

**COUNSEL**

Richard A. Levy, Torrance, California, for the defendant-appellant.

Aaron M. May, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

BYBEE, Circuit Judge:

We are asked to decide whether Defendant-Appellant Tyler George Farmer's conviction under California Penal Code

§ 288(a), for lewd and lascivious acts involving a child, categorically qualifies as "a prior conviction . . . relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(2). Although the answer is more complicated that it at first appears, we are convinced that the answer is yes, and we affirm the judgment of the district court.

I

On November 3, 2008, Farmer pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Presentence Investigation Report ("PSR") noted that, in 1987, Farmer pleaded guilty to a violation of California Penal Code § 288(a), which prohibits lewd and lascivious acts upon a child younger than fourteen. The PSR explained that Farmer's conviction likely triggered § 2252A(b)(2)'s mandatory minimum sentence provision, which requires a district court to impose a sentence of "not less than 10 years" if a person convicted under § 2252A(a)(5) "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(2). According to the PSR, § 2252A(b)(2)'s ten-year mandatory minimum applied here because, under *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), the conduct prohibited under California Penal Code § 288(a) categorically qualifies as "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). The district court, relying primarily on our decision in *United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007), agreed with the PSR's recommendation and sentenced Farmer to ten years in prison. Farmer timely appealed.

II

Farmer's only argument is that the district court erred by imposing a ten-year mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2), because his prior conviction under Cal-

ifornia Penal Code § 288(a) does not categorically fit within any of the predicate offenses contained in § 2252A(b)(2). Our methodology in these cases is by now familiar. Under the Supreme Court's opinion in *Taylor v. United States*, 495 U.S. 575 (1990), we begin by defining the federal generic offense. *See id.* at 599. We then compare the conduct prohibited under the state statute to the generic definition to determine whether "the full range of conduct covered by the [state] statute falls within the meaning of" the federal definition. *Sinerius*, 504 F.3d at 740.[1]

**[1]** Section 2252A(b)(2) of Title 18 imposes a ten-year mandatory minimum sentence if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." As its text makes clear, § 2252A(b)(2) refers to three separate offenses: " 'aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor [or ward].' " *United States v. Strickland*, 601 F.3d 963, 967 (9th Cir. 2010) (en banc) (quoting 18 U.S.C. § 2252A(b)(2)). We will start (and, as it turns out, stop) with § 2252A(b)(2)'s "sexual abuse" offense.

A

This is not our first attempt to define § 2252A(b)(2)'s "sexual abuse" offense. In *Sinerius*, we addressed whether Montana Code Annotated § 45-5-502, which prohibits "knowingly subjecting 'another person to any sexual contact without consent,' " categorically constitutes a state law related to "sexual abuse" under § 2252A(b)(2). *Sinerius*, 504 F.3d at 741 (quoting MONT. CODE ANN. § 45-5-502(1)). "[F]ollow[ing] our common practice in cases involving non-traditional offenses," we "defin[ed] [§ 2252A(b)(2)'s 'sexual abuse'] offense based on the ordinary, contemporary, and common meaning of the

---

[1]We review the district court's decision de novo. *See United States v. Velasquez-Bosque*, 601 F.3d 955, 957 (9th Cir. 2010).

statutory words." *Id.* at 740 (quotation marks omitted). Consistent with that approach, we noted that "sexual" should be given its "ordinary and commonsense meaning." *Id.* at 741. Then, relying on a case that had defined "abuse" in a different context,[2] we said that "abuse" means to "misuse . . . or treat so as to injure, hurt, or damage," and explained that the term "encompasses behavior that is harmful emotionally and physically." *Id.* at 740 (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006) (alteration and quotation marks omitted)).

We elaborated on the proper definition of "sexual abuse" in applying this definition to Montana Code Annotated § 45-5-502. We began by noting that "[u]nder the categorical approach, even the least egregious conduct proscribed by the [criminal] statute must qualify as an offense relating to sexual abuse." *Id.* at 741 (quotation marks and omission omitted). In our view, the "least egregious conduct" encompassed by the Montana statute was " 'consensual' sexual contact between a 16-year-old offender and a 13-year-old victim." *Id.* Citing our decision in *Baron-Medina*, we explained that "touching the

---

[2]In addition to its appearance in 18 U.S.C. § 2252A, the phrase "sexual abuse" makes two other relevant appearances. One is in 8 U.S.C. § 1101(a)(43)(A), which defines "aggravated felony" to include "murder, rape, or *sexual abuse of a minor*." (Emphasis added.) We rely on this statutory subsection to determine whether an alien is removable for committing an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii), *see Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012-13 (9th Cir. 2009), and whether an eight-level enhancement should be imposed for a defendant's pre-removal commission of an "aggravated felony" under § 2L1.2(b)(1)(C) of the Sentencing Guidelines, *see United States v. Pereira-Salmeron*, 337 F.3d 1148, 1151 (9th Cir. 2003). The other appearance of "sexual abuse" is in the application notes to § 2L1.2(b)(1) of the Sentencing Guidelines. Section 2L1.2(b)(1)(A)(ii) requires a sixteen-level enhancement if a defendant has previously been convicted of a "crime of violence," which the application notes define as, among other things, "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); *see United States v. Medina-Villa*, 567 F.3d 507, 510 (9th Cir. 2009); *United States v. Lopez-Solis*, 447 F.3d 1201, 1206-07 (9th Cir. 2006).

body of a child under 14 years old with sexual intent . . . 'indisputably falls within the common, everyday meaning of the word[ ] 'sexual' . . . ." *Id.* at 741 (quoting *Baron-Medina*, 187 F.3d at 1147). We had little trouble concluding that § 45-5-502 categorically involved "abuse," because the " 'use of young children for the gratification of sexual desires constitutes an abuse.' " *Id.* (emphasis omitted) (quoting *Baron-Medina*, 187 F.3d at 1147); *see also Baron-Medina*, 187 F.3d at 1147 ("The use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment, no matter its form." (citations omitted)).**³**

**[2]** Our subsequent cases have reaffirmed the principle that "[s]exual conduct involving younger children is per se abusive," *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1014 (9th Cir. 2009), and that "younger children" in this context means children younger than fourteen, *United States v. Valencia-Barragan*, ___ F.3d ___, No. 09-50018, 2010 WL 2489528, at *3 (9th Cir. June 22, 2010) (holding that Washington Revised Code § 9A.44.076(1) "prohibits conduct that is per se abusive" because it "applies to sexual conduct with children younger than fourteen years").

B

**[3]** We now turn to whether California Penal Code § 288(a) categorically fits the generic definition of "sexual abuse." Section 288(a) provides:

---

**³**We also noted that § 2252A(b)(2)'s "relating to" language has a broadening effect, mandating a ten-year mandatory minimum sentence "for any state offense that stands in some relation, bears upon, or is associated with sexual abuse." *Sinerius*, 504 F.3d at 743. This raises the possibility that a state criminal statute that does not categorically involve "sexual abuse" may nonetheless constitute a "state offense that stands in some relation, bears upon, or is associated with [sexual abuse]." We need not address the precise scope of § 2252A(b)(2)'s "relating to" language here, however, because, as is explained below, California Penal Code § 288(a) categorically involves "sexual abuse."

> Any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

"Section 288(a) has two elements: (a) the touching of an underage child's body (b) with a sexual intent." *Baron-Medina*, 187 F.3d at 1147 (citing *People v. Martinez*, 903 P.2d 1037, 1042-43 (Cal. 1995)). As we explained above, our cases have established that sexual touching of children younger than fourteen—the precise conduct prohibited by California Penal Code § 288(a)—invariably involves "sexual abuse." This would appear to make this case easy: because California Penal Code § 288(a) categorically involves sexual touching of children under fourteen, and because sexual touching of children under fourteen always involves abuse, California Penal Code § 288(a) must constitute a state law "relating to . . . sexual abuse" for purposes of 18 U.S.C. § 2252A(b)(2). That we have repeatedly held that California Penal Code § 288(a) categorically involves "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), *Baron-Medina*, 187 F.3d at 1147, and the application notes to U.S.S.G. § 2L1.2(b)(1)(A), *United States v. Medina-Villa*, 567 F.3d 507, 516 (9th Cir. 2009); *United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003), further supports this conclusion.

## C

Farmer urges us to take a fresh look at defining § 2252A's three sex offenses and has suggested that there are good reasons for us to reexamine our case law. He argues that we should define § 2252A's three sex offenses—aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward—exclusively by reference to their three fed-

eral law counterparts: 18 U.S.C. § 2241 (aggravated sexual abuse), 18 U.S.C. § 2242 (sexual abuse), and 18 U.S.C. § 2243 (sexual abuse of a minor or ward). Farmer acknowledges that we rejected the same argument in *Sinerius*, 504 F.3d at 742 ("We have never defined predicate sex offenses under § 2252A by cross reference to . . . federal provisions . . . , nor has any other court of appeals."[4]), but contends that we overruled *Sinerius sub silentio* in our unanimous en banc decision in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc).

**[4]** In *Estrada-Espinoza*, we held that each of four California statutory rape provisions—California Penal Code §§ 261.5(c) (unlawful sexual intercourse with a person under eighteen, who is at least three years younger than the defendant, and who is not the defendant's spouse), 286(b)(1) (sodomy of a person under eighteen), 288a(b)(1) (oral copulation of a person under eighteen), and 289(h) (sexual penetration of a person under 18)—did not categorically constitute "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43). 546 F.3d at 1159. In contrast with earlier cases, we declined to define "sexual abuse of a minor" according to its "ordinary, contemporary, and common meaning," because "Congress ha[d] enumerated the elements" of the federal "sexual abuse of a minor" offense in 18 U.S.C. § 2243.[5] *Id.* at 1152. "Sexual abuse of a minor," we explained, "refers to a specific [federal] crime," rendering reliance on the "ordinary, contemporary,

---

[4]This statement is no longer true. Although, as we noted in *Sinerius*, the Fifth Circuit rejected the proposition that § 2252A(b)(2)'s offenses should be defined by reference to federal law, *see United States v. Hubbard*, 480 F.3d 341, 348-49 (5th Cir. 2007), the Seventh Circuit recently concluded the opposite, *see United States v. Osborne*, 551 F.3d 718, 720 (7th Cir. 2009) (explaining that "these laws [§ 2252A and §§ 2241, 2242, and 2243] should be read together" because they use "the same three terms"— aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward—and were revised and enacted together in 1990).

[5]Section 2243 contains the elements of a federal crime labeled "sexual abuse of a minor or ward."

and common meaning" of the words unnecessary. *Id.* at 1156 (quotation marks omitted). Thus, we held, "when Congress added 'sexual abuse of a minor[ ]' to the list of aggravated felonies in the [Immigration and Nationality Act] it meant 'sexual abuse of a minor' as defined in the federal criminal code." *Id.* at 1158. As for Section 2243, we explained that it contains four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Id.* at 1158. We concluded that the California statutory rape laws did not categorically meet § 2243's definition because, among other reasons, "sexual activity with a younger child is certainly abusive, [but] sexual activity with an older adolescent is not necessarily abusive." *Id.* at 1153.

According to Farmer, *Estrada-Espinoza* established the principle that, when Congress passes a federal criminal statute with the same name as a federal generic offense, we are to look to that statute, rather than the "ordinary, common, and contemporary meaning" of the statutory terms, to define the generic offense. From this, he argues that we should define § 2252A(b)(2)'s three sex offenses in accordance with §§ 2241, 2242, and 2243. In addition, he argues, because *Estrada-Espinoza*'s mandated approach to interpreting federal offenses is inconsistent with the approach undertaken in *Sinerius*, *Sinerius* is now overruled. [Blue Brief at 18-19 (citing *United States v. Vasquez-Ramos*, 531 F.3d 987, 991 (9th Cir. 2008))]. Although Farmer's argument carries significant force, it cannot survive our post-*Estrada-Espinoza* precedent.

1

As to the first part of Farmer's argument, we have recently made clear that *Estrada-Espinoza* did not announce a broad rule limiting courts to looking to federal statutes to define federal generic offenses where the federal statute uses the same name as a federal generic offense. In *Medina-Villa*, for exam-

ple, we set out to answer the same question (under newly revised Sentencing Guidelines) that we had already answered twice before: did California Penal Code § 288(a) categorically constitute "sexual abuse of a minor"? Again, we answered yes. In doing so, we "reject[ed] the proposition [seemingly put forth in *Estrada-Espinoza*] that [18 U.S.C.] § 2243 defines the universe of sexual offenses contemplated by U.S.S.G. § 2L1.2's term 'sexual abuse of a minor.' " *Medina-Villa*, 567 F.3d at 515-16. Although we recognized that *Estrada-Espinoza*'s definition served an important purpose, we held that *Estrada-Espinoza* had not eliminated the alternative definition of "sexual abuse of a minor" established in pre-*Estrada-Espinoza* cases. *Id.* Under that pre-*Estrada-Espinoza* definition, we explained that "sexual abuse of a minor" contains "three elements: [1] whether the conduct proscribed by the statute is sexual; [2] whether the statute protects a minor; and [3] whether the statute requires abuse." *Id.* at 513.

**[5]** We also rejected Farmer's reading of *Estrada-Espinoza* and elaborated on *Medina-Villa*'s interpretation of "sexual abuse of a minor" in *Pelayo-Garcia*. There, we made clear that the definitions of "sexual abuse of a minor" laid out in *Estrada-Espinoza* and *Medina-Villa* are complementary, not inconsistent. As we explained, there are "two different generic federal definitions of 'sexual abuse of a minor.' " *Pelayo-Garcia*, 589 F.3d at 1013. The first derives from 18 U.S.C. § 2243 and the definition set forth in *Estrada-Espinoza*. The second is based on the "ordinary, contemporary, and common meaning" of "sexual abuse of a minor," as set forth in *Baron-Medina*, other pre-*Estrada-Espinoza* cases, and *Medina-Villa*. *Id.* at 1013-14. As it stands now, therefore, a state offense will be a categorical match for "sexual abuse of a minor" if it fits *either* definition. *See id.* at 1014-15. Three recent cases have adopted and applied this two-definition approach. *See Valencia-Barragan*, 2010 WL 2489528, at *3; *United States v. Castro*, 607 F.3d 566, 568-69 (9th Cir. 2010); *Rivera-Cuartas v. Holder*, 605 F.3d 699, 701-02 (9th Cir. 2010). In sum, whatever else our post-*Estrada-Espinoza* cases have

established, they have at least made clear that *Estrada-Espinoza* does not stand for the proposition that we must rely exclusively on federal statutes to define federal generic offenses.

2

For similar reasons, we are also unconvinced by the second part of Farmer's argument: that *Estrada-Espinoza* overruled *Sinerius*. As an initial matter, *Estrada-Espinoza* was interpreting a different statutory provision, 8 U.S.C. § 1101(a)(43)(A). The court in *Estrada-Espinoza* never referred to the offenses contained in 18 U.S.C. § 2252A or to our decision in *Sinerius*. Moreover, as explained above, our cases have made clear that *Estrada-Espinoza* did not overrule any prior cases that had defined "sexual abuse of a minor" according to its "ordinary, contemporary, and common meaning." It strains credulity to believe that although *Estrada-Espinoza* did not overrule any of the cases addressing the same federal offense, it nevertheless *sub silentio* overruled a case interpreting an entirely different statutory provision. Finally, and most importantly, we recently reaffirmed *Sinerius* in *Strickland*, 601 F.3d at 967. There, sitting en banc, we approvingly cited *Sinerius* and endorsed its approach to interpreting the offenses contained in § 2252A. Whatever the merits of Farmer's proposed interpretation of § 2252A(b)(2), we are unable to adopt it here.

III

**[6]** For the foregoing reasons, Farmer's conviction under California Penal Code § 288(a) categorically "relat[es] to . . . sexual abuse." 18 U.S.C. § 2252A(b)(2). We therefore affirm the judgment of the district court.

AFFIRMED.

BYBEE, Circuit Judge, with whom Judge NOONAN joins, specially concurring:

Our precedents in *United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007), and *Pelayo-Garcia v. Holder*, 589 F.3d 1010 (9th Cir. 2009), compel us to affirm Farmer's sentence. I write separately to express my concerns with our current approach to defining "abusive sexual conduct involving a minor" for purposes of determining whether to apply a sentencing enhancement to violators of the federal child pornography statute, 18 U.S.C. § 2252A. My concerns are twofold. First, in defining "abusive sexual conduct involving a minor," we have adopted uncritically the definition of "sexual abuse of a minor" we had used to interpret an unrelated immigration statute, without regard for the distinctive structure of § 2252A. *See Sinerius*, 504 F.3d at 742-43. Second, our recent attempts to distinguish the array of contradictory cases in this area of law has yielded the awkward result that we now apply two competing, but equally recognized, definitions of "sexual abuse of a minor." *See Pelayo-Garcia*, 589 F.3d at 1012-15. I discuss each of these concerns in turn.

I

We first held in *Sinerius* that, for purposes of determining whether to apply an enhanced sentence to violators of § 2252A, the term "abusive sexual conduct involving a minor" should be interpreted according to the "ordinary, contemporary, and common meaning of the . . . words." *Sinerius*, 504 F.3d at 740 (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1206-07 (9th Cir. 2006), and *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999)). In doing so, the *Sinerius* panel incorporated into § 2252A the definition of "sexual abuse of a minor" that we had been using to interpret provisions of both the Immigration and Naturalization Act (INA), 8 U.S.C. § 1101(a)(43), and certain Sentencing Guidelines provisions that cover immigration violations, U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). *See, e.g., Lopez-*

*Solis*, 447 F.3d at 1206-07 (using the "common meaning" to interpret U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065-66 (9th Cir. 2003) (using the "common meaning" of "sexual abuse of a minor" to determine whether an alien's state law offense qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43), thereby rendering him removable); *Baron-Medina*, 187 F.3d at 1146 (using the "common meaning" definition to determine whether to apply a sentencing enhancement to defendant guilty of immigration offense based on past violation of state statute criminalizing "lewd or lascivious act[s]" with children under age fourteen). *In Sinerius*, however, we failed to consider the distinct structure of § 2252A. As used in the INA and the Guidelines, the term "sexual abuse of a minor" is listed alongside other violent crimes, such as murder, rape, and robbery. *See* 8 U.S.C. § 1101(a)(43); U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). In these contexts, it might make sense to define "sexual abuse of a minor" according to the ordinary, common meaning of the term because nothing in the structure of these provisions indicates that we should use any particular definition. *See Baron-Medina*, 187 F.3d at 1146.

By contrast, § 2252A provides for stiffer sentences where the defendant has a past conviction "relating to [1] aggravated sexual abuse, [2] sexual abuse, or [3] abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(2). Section 2252A(b)(2) treats these as three separate offenses, and not as a generic crime of "sexual abuse." Strikingly, these three precise offenses are defined and punished as federal offenses in 18 U.S.C. §§ 2241, 2242, and 2243. To me, this indicates that when Congress created § 2252A(b)(2)'s three offenses, it wanted them defined by reference to the simultaneously enacted federal criminal statutes—consecutively numbered—of the same name. *See* 18 U.S.C. §§ 2241 ("aggravated sexual abuse"), 2242 ("sexual abuse"), 2243 ("sexual abuse of a minor or ward").

Interpreting § 2252A(b)(2)'s three offenses according to §§ 2241, 2242, and 2243 would also eliminate the surplusage

created if we interpret § 2252A(b)(2)'s offenses according to their "ordinary, contemporary, and common meaning." Under the ordinary, contemporary meaning of "sexual abuse of a minor," two of § 2252A's offenses—aggravated sexual abuse and abusive sexual conduct involving a minor or ward—are rendered superfluous because those offenses indisputably fall within the broader definition of "sexual abuse." *See Sinerius*, 504 F.3d at 744 ("Since we conclude that Sinerius's prior [state] conviction categorically qualifies as 'sexual abuse' for purposes of § 2252A(b), we need not consider whether the conviction would also qualify as 'aggravated sexual abuse' or 'abusive sexual conduct involving a minor' under the same provision . . . ."). The same is not true if we defined "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" according to §§ 2241, 2242, and 2243. When one plausible interpretation creates surplusage and another plausible interpretation does not, the latter generally controls. *See Corley v. United States*, 129 S. Ct. 1558, 1566 (2009) ("[O]ne of the most basic interpretive canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (internal quotation marks and alterations omitted).

Citing similar concerns, the Seventh Circuit recently held that the offense of "abusive sexual conduct involving a minor" from § 2252A should be given the statutory definition Congress supplied in § 2243(a). *United States v. Osborne*, 551 F.3d 718, 720-21 (7th Cir. 2009). Acknowledging that there are differences between the statutory structures of § 2252A and the INA, the Seventh Circuit also declined to apply the same definition of "sexual abuse of a minor" to both § 2252A and the INA. *See Gaiskov v. Holder*, 567 F.3d 832, 837-38 (7th Cir. 2009). I believe that, given the opportunity to revisit this issue, we would be well advised to embrace an approach similar to the Seventh Circuit's by adopting a common law definition of the term for the INA, and a statutory definition for § 2252A. For now, however, we remain bound by

*Sinerius*. 504 F.3d at 737. *See United States v. Strickland*, 601 F.3d 963, 967 (9th Cir. 2010) (en banc) (relying on *Sinerius* in affirming defendant's enhanced sentence pursuant to § 2252A(b)).

## II

My second problem with our approach to this area of the law concerns how our caselaw now recognizes two competing definitions of "sexual abuse of a minor." At the time *Sinerius* borrowed the definition of "sexual abuse of a minor" from our immigration caselaw and incorporated it into § 2252A, our immigration cases provided for only one approach for defining the offense—in accordance with the "ordinary, contemporary, and common meaning" of the term. *Sinerius*, 504 F.3d at 740 (adopting a definition first set out in *Baron-Medina*, 187 F.3d at 1146). Our immigration caselaw in this area was subsequently thrown into disarray, however, by our en banc decision in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008). *Estrada-Espinoza* held that, for purposes of determining whether an alien's state conviction qualifies as "sexual abuse of a minor," we should apply the definition of "sexual abuse of a minor" from § 2243(a). *Id.* at 1152-53. Although we did not overturn any of our prior cases, we failed to note that our holding was in conflict with a whole line of cases dating back to our original decision in 1999 in *Baron-Medina*, 187 F.3d at 1147. *See also Lopez-Solis*, 447 F.3d at 1206-07.

We have since struggled to reconcile *Estrada-Espinoza* with the *Baron-Medina* line of cases. In *Medina-Villa*, we attempted to reconcile our conflicting precedents by limiting the applicability of *Estrada-Espinoza* to statutory rape statutes only, while reaffirming the use of the *Baron-Medina* approach for all other state statutes criminalizing conduct understood to be "sexual abuse of a minor." *United States v. Medina-Villa*, 567 F.3d 507, 514-16. Then, in *Pelayo-Garcia*, we again attempted to reconcile *Estrada-Espinoza* and *Medina-Villa* by arguing that we were bound by *both* definitions of the term.

*Pelayo-Garcia*, 589 F.3d at 1013-16. As a consequence, if a state statute satisfies the definition of "sexual abuse of a minor" under *either* the *Baron-Medina* approach or *Estrada-Espinoza* approach, a violation of that statute would trigger removal or a mandatory minimum sentence. Most recently, we reaffirmed the *Pelayo-Garcia* approach in *United States v. Castro*, 607 F.3d 566 (9th Cir. 2010), and *United States v. Valencia-Barragan*, 608 F.3d 1103 (9th Cir. 2010).

The result of our attempts to reconcile our precedents in this area has yielded a most awkward arrangement in which we have *two* definitions of the generic offense of "sexual abuse of a minor." While this approach, first adopted in *Pelayo-Garcia*, might recommend itself because it did not require us to overrule any precedents, it burdens litigants with a needlessly confusing rule of law that has no compelling or principled rationale. To illustrate, the definition of "sexual abuse of a minor" under the *Estrada-Espinoza* approach, which is based on the statutory definition in § 2243(a), differs from the "ordinary, common, contemporary" definition of the term used in the *Baron-Medina* approach in several significant ways. Applying the definition of "sexual abuse of a minor" from § 2243(a) would mean Farmer would only qualify for enhanced sentencing if the state statute required that he engage (1) knowingly, (2) in a sexual act, (3) with a minor aged between 12 and 16, (4) where there is an age difference of at least 4 years between the defendant and the minor. *Estrada-Espinoza*, 546 F.3d at 1158. By contrast, the *Baron-Medina* approach, which applies the "ordinary, contemporary, and common meaning" of the term, would subject Farmer to enhanced sentencing if the state statute requires (1) a sexual act, (2) with a minor, that is (3) abusive. *See Lopez-Solis*, 447 F.3d at 1206-07; *Baron-Medina*, 187 F.3d at 1147.

The differences between these two definitions have important consequences. First, while our definition under the *Estrada-Espinoza* approach requires the state statute to include a mens rea requirement of "knowingly" with respect

to the sexual act, *Baron-Medina* is silent on mens rea. Second, while the *Baron-Medina* approach defines "sexual act" broadly, according to the "ordinary and commonsense meaning" of "sexual," *see Sinerius*, 504 F.3d at 741, the *Estrada-Esipinoza* formula adopts a detailed definition of "sexual act" from 18 U.S.C. § 2246(2), which requires direct physical contact. *See Castro*, 607 F.3d at 569-70. Third, state statutes that criminalize sexual conduct where the victim is older than sixteen or where there is less than a four-year age difference between the victim and perpetrator would never categorically qualify under the *Estrada-Espinoza* approach, while the *Baron-Medina* approach does not require an age difference and is silent on how young the victim must be. Finally, the *Baron-Medina* method requires the state offense only cover conduct that is "abusive," meaning "behavior that is harmful emotionally and physically," whereas the *Estrada-Espinoza* approach does not. *Lopez-Solis*, 447 F.3d at 1207-1209.

Each definition is more restrictive than the other definition in some respects, and less demanding in other respects. The result is that a defendant is subject to an enhanced sentence according to whichever is the least demanding definition in a given circumstance. *See Pelayo-Garcia*, 589 F.3d at 1013-16. In Farmer's case, his underlying California conviction qualifies as "sexual abuse of a minor" under the ordinary, common definition in *Baron-Medina*, but not under the statutory definition from § 2243(a) used in *Estrada-Espinoza*. Farmer is therefore subject to enhanced sentencing. Thus, the effect of allowing two dueling definitions of "sexual abuse of a minor" to coexist essentially gives the government the choice of whichever definition suits it best in a given instance, since the underlying state offense categorically qualifies as "sexual abuse of a minor" if it meets at least one of the two definitions. I do not believe this is the result Congress intended. Either the term "sexual abuse of a minor" should be defined according to its ordinary, common meaning, or according to § 2243(a), but it cannot have two different definitions depending on whatever is more convenient for the government.

Were we writing on a blank slate, I would use one definition of the term "sexual abuse of a minor" in immigration cases and a different definition for § 2252A. For immigration cases, I believe it might make sense to revert to using exclusively the "ordinary, common, and contemporary" definition we first adopted in *Baron-Medina*. 187 F.3d at 1146. This is because, as I discussed in Part I, nothing in the structure of the INA or the Guidelines suggests that Congress intended for us to use the definition in § 2243(a). On the other hand, for purposes of reading § 2252A, the structure of the statute indicates that Congress wanted us to use exclusively the definition set out in § 2243(a), as the Seventh Circuit held in *Osborne*. 551 F.3d at 720-21. I would therefore read § 2252A according to § 2243(a)'s definition of "sexual abuse of a minor."

### III

This area of the law cries for clarification. For the time being, however, *Sinerius* requires us in § 2252A cases to define the term in accordance with our cases interpreting the INA and the Guidelines, 504 F.3d at 740, and *Pelayo-Garcia* requires us to apply two different definitions of "sexual abuse of a minor," 589 F.3d at 1013-16.

Because this panel does not have the power to correct our missteps, I reluctantly concur in my own majority opinion.