**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50556 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01115-BTM-1 |
| v. | |
| MISAEL GONZALEZ-GONZALEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: PREGERSON, CLIFTON, and M. SMITH, Circuit Judges.

Misael Gonzalez-Gonzalez appeals his eighty-four-month sentence

following his conviction for illegal reentry by a removed alien in violation of 8

U.S.C. § 1326. Because the parties are familiar with the factual and procedural

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

history of this case, we do not recount additional facts except as necessary to explain the decision. We affirm.

We recognize two different generic definitions of "sexual abuse of a minor." *United States v. Castro*, 607 F.3d 566, 568 (9th Cir. 2010). The first generic definition, set forth in *United States v. Medina-Villa*, contains three elements: (1) sexual conduct; (2) with a minor; (3) that constitutes abuse. 567 F.3d 507, 513 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 1545 (2010). Because Oregon Revised Statutes § 163.427 is divisible, and two subparts do not require that the victim be a minor, the statute does not categorically qualify under the first generic definition. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003).

Because Oregon Revised Statutes § 163.427 is a divisible statute, we must apply the modified categorical approach to determine whether Gonzalez-Gonzalez was necessarily convicted of the elements of the generic crime. *See Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005). Gonzalez-Gonzalez signed a plea agreement admitting to the facts "as alleged in the District Attorney's Information," **ER 36, 39**, which stated that he touched the "vaginal area" of a child "under the age of 14 years," **ER 35.** *See Shepard*, 544 U.S. at 26 (limiting the court's examination of records for purposes of the modified categorical approach to, among other items, "the terms of the charging document [and] the terms of the

2

plea agreement"). He therefore admitted to the first two elements of the *Medina-Villa* definition, (1) sexual conduct, (2) with a minor, under the "ordinary, contemporary, and common meaning" of those elements. *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999). He admitted to the third element, abuse, because sexual conduct with children under fourteen is per se abusive. *See, e.g.*, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir.), *cert. denied*, 131 S.Ct. 539 (2010). Gonzalez-Gonzalez's prior conviction therefore constitutes "sexual abuse of a minor" under the modified categorical approach, and the district court did not err in denying the motion to dismiss the indictment.

Nor did the district court err in applying the twenty-year statutory maximum under 8 U.S.C. § 1326(b). In *Almendarez-Torres v. United States*, the Supreme Court held that the fact of a prior conviction need not be determined by a jury before a sentencing court may use the conviction as the basis for an enhancement under 8 U.S.C. § 1326(b). 523 U.S. 224, 226-27 (1998). *Almendarez-Torres* remains controlling law. *See, e.g.*, *United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir.), *cert. denied*, 130 S.Ct. 315 (2009). Despite Gonzalez-Gonzalez's assertion to the contrary, *Nijhawan v. Holder,* 129 S.Ct. 2294 (2009), did not implicitly overrule it.

**AFFIRMED.**