**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ANTONIO HERNANDEZ, a.k.a. Juan Duran, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73465 <br><br> Agency No. A075-119-371 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Juan Antonio Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

The agency properly concluded that Hernandez's conviction under California Penal Code § 288(a) is categorically a sexual abuse of a minor aggravated felony under 8 U.S.C. § 1101(a)(43)(A) that renders Hernandez removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999). Hernandez's contentions to the contrary are unavailing. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013-14 (9th Cir. 2009) (stating that 18 U.S.C. § 2243 defines the generic offense of sexual abuse of a minor with respect to statutory rape crimes, but not with respect to sexual crimes against minors involving abuse); *see also United States v. Castro*, 607 F.3d 566, 569 (9th Cir. 2010) (stating that California Penal Code § 288(a), which applies only where the minor is younger than fourteen, addresses conduct that is per se abusive).

**PETITION FOR REVIEW DENIED.**