**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10084 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01208-MHM |
| v. | |
| GERARDO GARCIA-ANTONIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Gerardo Garcia-Antonio appeals from the 36-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia-Antonio contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the basis of his prior California conviction for lewd and lascivious acts upon a child. The presentence report, to which Garcia-Antonio did not object, quoted from Garcia-Antonio's state-court plea agreement, in which he admitted facts that satisfy the generic definition of sexual abuse of a minor. *See United States v. Castro*, 607 F.3d 566, 569-70 (9th Cir. 2010). Under these circumstances, the district court did not plainly err in applying the enhancement. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 432-33 (9th Cir. 2011).

Garcia-Antonio also contends that the appeal is moot because he has been released and deported. This contention fails because he is still serving his term of supervised release. *See United States v. Rivas-Gonzalez*, 384 F.3d 1034, 1042 (9th Cir. 2004).

**AFFIRMED.**