Opinion by Judge BYBEE; Concurrence by Judge BYBEE.
OPINION
BYBEE, Circuit Judge:
We are asked to decide whether Defendant-Appellant Tyler George Farmer’s conviction under California Penal Code 19299 § 288(a), for lewd and lascivious acts involving a child, categorically qualifies as “a prior conviction ... relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.” 18 U.S.C. § 2252A(b)(2). Although the answer is more complicated that it at first appears, we are convinced that the answer is yes, and we affirm the judgment of the district court.
I
On November 3, 2008, Farmer pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Presentence Investigation Report (“PSR”) noted that, in 1987, Farmer pleaded guilty to a violation of California Penal Code § 288(a), which prohibits lewd and lascivious acts upon a child younger than fourteen. The PSR explained that Farmer’s conviction likely triggered § 2252A(b)(2)’s mandatory minimum sentence provision, which requires a district court to impose a sentence of “not less than 10 years” if a person convicted under § 2252A(a)(5) “has a prior conviction ... under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.” 18 U.S.C. § 2252A(b)(2). According to the PSR, § 2252A(b)(2)’s ten-year mandatory minimum applied here because, under United States v. Baron-Medina, 187 F.3d 1144 (9th Cir.1999), the conduct prohibited under California Penal Code § 288(a) categorically qualifies as “sexual abuse of a minor” under 8 U.S.C. § 1101(a)(43)(A). The district court, relying primarily on our decision in United States v. Sinerius, 504 F.3d 737 (9th Cir.2007), agreed with the PSR’s recommendation and sentenced Farmer to ten years in prison. Farmer timely appealed.
II
Farmer’s only argument is that the district court erred by imposing a ten-year *418 mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2), because his prior conviction under California Penal Code § 288(a) does not categorically fit within any of the predicate offenses contained in § 2252A(b)(2). Our methodology in these cases is by now familiar. Under the Supreme Court’s opinion in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we begin by defining the federal generic offense. See id. at 599, 110 S.Ct. 2143. We then compare the conduct prohibited under the state statute to the generic definition to determine whether “the full range of conduct covered by the [state] statute falls within the meaning of’ the federal definition. Sinerius, 504 F.3d at 740.[1]
Section 2252A(b)(2) of Title 18 imposes a ten-year mandatory minimum sentence if the defendant “has a prior conviction ... under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.” As its text makes clear, § 2252A(b)(2) refers to three separate offenses: “ ‘aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor [or ward].’ ” United States v. Strickland, 601 F.3d 963, 967 (9th Cir.2010) (en banc) (quoting 18 U.S.C. § 2252A(b)(2)). We will start (and, as it turns out, stop) with § 2252A(b)(2)’s “sexual abuse” offense.
A
This is not our first attempt to define § 2252A(b)(2)’s “sexual abuse” offense. In Sinerius, we addressed whether Montana Code Annotated § 45-5-502, which prohibits “knowingly subjecting ‘another person to any sexual contact without consent,’ ” categorically constitutes a state law related to “sexual abuse” under § 2252A(b)(2). Sinerius, 504 F.3d at 741 (quoting Mont. Code Ann. § 45-5-502(1)). “[F]ollow[ing] our common practice in cases involving non-traditional offenses,” we “definfed] [§ 2252A(b)(2)’s ‘sexual abuse’] offense based on the ordinary, contemporary, and common meaning of the statutory words.” Id. at 740 (quotation marks omitted). Consistent with that approach, we noted that “sexual” should be given its “ordinary and commonsense meaning.” Id. at 741. Then, relying on a case that had defined “abuse” in a different context,[2] we said that “abuse” means to “misuse ... or treat so as to injure, hurt, or damage,” and explained that the term “encompasses behavior that is harmful emotionally and physically.” Id. at 740 (quoting United States v. Lopez-Solis, 447 F.3d 1201, 1207 *419 (9th Cir.2006) (alteration and quotation marks omitted)).
We elaborated on the proper definition of “sexual abuse” in applying this definition to Montana Code Annotated § 45-5502. We began by noting that “[u]nder the categorical approach, even the least egregious conduct proscribed by the [criminal] statute must qualify as an offense relating to sexual abuse.” Id. at 741 (quotation marks and omission omitted). In our view, the “least egregious conduct” encompassed by the Montana statute was “ ‘consensual’ sexual contact between a 16-year-old offender and a 13-year-old victim.” Id. Citing our decision in Baron-Medina, we explained that “touching the body of a child under 14 years old with sexual intent ... indisputably falls within the common, everyday meaning of the word[] ‘sexual’----” Id. at 741 (quoting Baron-Medina, 187 F.3d at 1147). We had little trouble concluding that § 455-502 categorically involved “abuse,” because the “ ‘use of young children for the gratification of sexual desires constitutes an abuse.’” Id. (emphasis omitted) (quoting Baronr-Medina, 187 F.3d at 1147); see also Baronr-Medina, 187 F.3d at 1147 (“The use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment, no matter its form.” (citations omitted)).[3]
Our subsequent cases have reaffirmed the principle that “[s]exual conduct involving younger children is per se abusive,” Pelayo-Garcia v. Holder, 589 F.3d 1010, 1014 (9th Cir.2009), and that “younger children” in this context means children younger than fourteen, United States v. Valenciar-Barragan, 608 F.3d 1103, 1107 (9th Cir.2010) (holding that Washington Revised Code § 9A.44.076(1) “prohibits conduct that is per se abusive” because it “applies to sexual conduct with children younger than fourteen years”).
B
We now turn to whether California Penal Code § 288(a) categorically fits the generic definition of “sexual abuse.” Section 288(a) provides:
Any person who willfully and lewdly commits any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.
“Section 288(a) has two elements: (a) the touching of an underage child’s body (b) with a sexual intent.” Baron-Medina, 187 F.3d at 1147 (citing People v. Martinez, 11 Cal.4th 434, 45 Cal.Rptr.2d 905, 903 P.2d 1037, 1042-43 (1995)). As we explained above, our cases have established that sexual touching of children younger than fourteen — the precise conduct prohibited by California Penal Code § 288(a) — invariably involves “sexual abuse.” This would appear to make this case easy: because California Penal Code § 288(a) categorically *420 involves sexual touching of children under fourteen, and because sexual touching of children under fourteen always involves abuse, California Penal Code § 288(a) must constitute a state law “relating to ... sexual abuse” for purposes of 18 U.S.C. § 2252A(b)(2). That we have repeatedly held that California Penal Code § 288(a) categorically involves “sexual abuse of a minor” under 8 U.S.C. § 1101(a)(43)(A), Baron-Medina, 187 F.3d at 1147, and the application notes to U.S.S.G. § 2L1.2(b)(1)(A), United States v. Medina-Villa, 567 F.3d 507, 516 (9th Cir.2009); United States v. Medina-Maella, 351 F.3d 944, 947 (9th Cir.2003), further supports this conclusion.
C
Farmer urges us to take a fresh look at defining § 2252A’s three sex offenses and has suggested that there are good reasons for us to reexamine our case law. He argues that we should define § 2252A’s three sex offenses — aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward — exclusively by reference to their three federal law counterparts: 18 U.S.C. § 2241 (aggravated sexual abuse), 18 U.S.C. § 2242 (sexual abuse), and 18 U.S.C. § 2243 (sexual abuse of a minor or ward). Farmer acknowledges that we rejected the same argument in Sinerius, 504 F.3d at 742 (“We have never defined predicate sex offenses under § 2252A by cross reference to ... federal provisions ..., nor has any other court of appeals.”[4]), but contends that we overruled Sinerius sub silentio in our unanimous en banc decision in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc).
In Estrada-Espinoza, we held that each of four California statutory rape provisions — California Penal Code §§ 261.5(c) (unlawful sexual intercourse with a person under eighteen, who is at least three years younger than the defendant, and who is not the defendant’s spouse), 286(b)(1) (sodomy of a person under eighteen), 288a(b)(l) (oral copulation of a person under eighteen), and 289(h) (sexual penetration of a person under 18) — did not categorically constitute “sexual abuse of a minor” under 8 U.S.C. § 1101(a)(43). 546 F.3d at 1159. In contrast with earlier cases, we declined to define “sexual abuse of a minor” according to its “ordinary, contemporary, and common meaning,” because “Congress ha[d] enumerated the elements” of the federal “sexual abuse of a minor” offense in 18 U.S.C. § 2243.[5] Id. at 1152. “Sexual abuse of a minor,” we explained, “refers to a specific [federal] crime,” rendering reliance on the “ordinary, contemporary, and common meaning” of the words unnecessary. Id. at 1156 (quotation marks omitted). Thus, we held, “when Congress added ‘sexual abuse of a minor[ ]’ to the list of aggravated felonies in the [Immigration and Nationality Act] it meant ‘sexual abuse of a minor’ as defined in the federal criminal code.” Id. at 1158. As for Section 2243, we explained that it contains four elements: “(1) a mens rea *421 level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.” Id. at 1158. We concluded that the California statutory rape laws did not categorically meet § 2243’s definition because, among other reasons, “sexual activity with a younger child is certainly abusive, [but] sexual activity with an older adolescent is not necessarily abusive.” Id. at 1153.
According to Farmer, Estrada-Espinoza established the principle that, when Congress passes a federal criminal statute with the same name as a federal generic offense, we are to look to that statute, rather than the “ordinary, common, and contemporary meaning” of the statutory terms, to define the generic offense. From this, he argues that we should define § 2252A(b)(2)’s three sex offenses in accordance with §§ 2241, 2242, and 2243. In addition, he argues, because Estrada-Espinoza’s mandated approach to interpreting federal offenses is inconsistent with the approach undertaken in Sinerius, Sinerius is now overruled. [Blue Brief at 18-19 (citing United States v. Vasquez-Ramos, 531 F.3d 987, 991 (9th Cir.2008))]. Although Farmer’s argument carries significant force, it cannot survive our post-Estrada-Espinoza precedent.
1
As to the first part of Farmer’s argument, we have recently made clear that Estrada-Espinoza did not announce a broad rule limiting courts to looking to federal statutes to define federal generic offenses where the federal statute uses the same name as a federal generic offense. In Medina-Villa, for example, we set out to answer the same question (under newly revised Sentencing Guidelines) that we had already answered twice before: did California Penal Code § 288(a) categorically constitute “sexual abuse of a minor”? Again, we answered yes. In doing so, we “rejected] the proposition [seemingly put forth in Estrada-Espinoza ] that [18 U.S.C.] § 2243 defines the universe of sexual offenses contemplated by U.S.S.G. § 2L1.2’s term ‘sexual abuse of a minor.’ ” Medina-Villa, 567 F.3d at 515-16. Although we recognized that Estrada-Espinoza ’s definition served an important purpose, we held that Estrada-Espinoza had not eliminated the alternative definition of “sexual abuse of a minor” established in pre Estrada-E spinoza cases. Id. Under that pre-Estradar-Espinoza definition, we explained that “sexual abuse of a minor” contains “three elements: [1] whether the conduct proscribed by the statute is sexual; [2] whether the statute protects a minor; and [3] whether the statute requires abuse.” Id. at 513.
We also rejected Farmer’s reading of Estrada-Espinoza and elaborated on Medina-Villa’s interpretation of “sexual abuse of a minor” in Pelayo-Garcia. There, we made clear that the definitions of “sexual abuse of a minor” laid out in Estrada-Espinoza and Medina-Villa are complementary, not inconsistent. As we explained, there are “two different generic federal definitions of ‘sexual abuse of a minor.’ ” Pelayo-Garcia, 589 F.3d at 1013. The first derives from 18 U.S.C. § 2243 and the definition set forth in Estradar-E spinoza. The second is based on the “ordinary, contemporary, and common meaning” of “sexual abuse of a minor,” as set forth in Baron-Medina, other pre-Estrada-Espinoza cases, and Medina-Villa. Id. at 1013-14. As it stands now, therefore, a state offense will be a categorical match for “sexual abuse of a minor” if it fits either definition. See id. at 1014-15. Three recent cases have adopted and applied this two-definition approach. See Valencia-Barragan, 608 F.3d 1103, 1107- *422 08; United States v. Castro, 607 F.3d 566, 568-69 (9th Cir.2010); Rivera-Cuartas v. Holder, 605 F.3d 699, 701-02 (9th Cir.2010). In sum, whatever else our postEstradar-Espinoza cases have established, they have at least made clear that Estrada-Espinoza does not stand for the proposition that we must rely exclusively on federal statutes to define federal generic offenses.
2
For similar reasons, we are also unconvinced by the second part of Farmer’s argument: that Estrada-Espinoza overruled Sinerius. As an initial matter, EstradarSspinoza was interpreting a different statutory provision, 8 U.S.C. § 1101(a)(43)(A). The court in EstradarEspinoza never referred to the offenses contained in 18 U.S.C. § 2252A or to our decision in Sinerius. Moreover, as explained above, our cases have made clear that Estradar-Espinoza did not overrule any prior cases that had defined “sexual abuse of a minor” according to its “ordinary, contemporary, and common meaning.” It strains credulity to believe that although Estrada-E spinoza did not overrule any of the cases addressing the same federal offense, it nevertheless sub silentio overruled a case interpreting an entirely different statutory provision. Finally, and most importantly, we recently reaffirmed Sinerius in Strickland, 601 F.3d at 967. There, sitting en banc, we approvingly cited Sinerius and endorsed its approach to interpreting the offenses contained in § 2252A. Whatever the merits of Farmer’s proposed interpretation of § 2252A(b)(2), we are unable to adopt it here.
Ill
For the foregoing reasons, Farmer’s conviction under California Penal Code § 288(a) categorically “relat[es] to ... sexual abuse.” 18 U.S.C. § 2252A(b)(2). We therefore affirm the judgment of the district court.
AFFIRMED.

. We review the district court’s decision de novo. See United States v. Velasquez-Bosque, 601 F.3d 955, 957 (9th Cir.2010).

. In addition to its appearance in 18 U.S.C. § 2252A, the phrase "sexual abuse” makes two other relevant appearances. One is in 8 U.S.C. § 1101(a)(43)(A), which defines "aggravated felony” to include "murder, rape, or sexual abuse of a minor.” (Emphasis added.) We rely on this statutory subsection to determine whether an alien is removable for committing an “aggravated felony” under 8 U.S.C. § 1227(a)(2)(A)(iii), see Pelayo-Garcia v. Holder, 589 F.3d 1010, 1012-13 (9th Cir.2009), and whether an eight-level enhancement should be imposed for a defendant’s pre-removal commission of an "aggravated felony” under § 2L1.2(b)(1)(C) of the Sentencing Guidelines, see United States v. Pereira-Salmeron, 337 F.3d 1148, 1151 (9th Cir.2003). The other appearance of "sexual abuse” is in the application notes to § 2L1.2(b)(1) of the Sentencing Guidelines. Section 2L1.2(b)(1)(A)(ii) requires a sixteen-level enhancement if a defendant has previously been convicted of a “crime of violence,” which the application notes define as, among other things, "sexual abuse of a minor.” U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); see United States v. Medina-Villa, 567 F.3d 507, 510 (9th Cir.2009); United States v. Lopez-Solis, 447 F.3d 1201, 1206-07 (9th Cir.2006).

. We also noted that § 2252A(b)(2)'s "relating to” language has a broadening effect, mandating a ten-year mandatory minimum sentence “for any state offense that stands in some relation, bears upon, or is associated with sexual abuse.” Sinerius, 504 F.3d at 743. This raises the possibility that a state criminal statute that does not categorically involve "sexual abuse” may nonetheless constitute a "state offense that stands in some relation, bears upon, or is associated with [sexual abuse].” We need not address the precise scope of § 2252A(b)(2)'s "relating to” language here, however, because, as is explained below, California Penal Code § 288(a) categorically involves "sexual abuse.”

. This statement is no longer true. Although, as we noted in Sinerius, the Fifth Circuit rejected the proposition that § 2252A(b)(2)’s offenses should be defined by reference to federal law, see United States v. Hubbard, 480 F.3d 341, 348-49 (5th Cir.2007), the Seventh Circuit recently concluded the opposite, see United States v. Osborne, 551 F.3d 718, 720 (7th Cir.2009) (explaining that "these laws [§ 2252A and §§ 2241, 2242, and 2243] should be read together" because they use "the same three terms” — aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward — and were revised and enacted together in 1990).

. Section 2243 contains the elements of a federal crime labeled "sexual abuse of a minor or ward.”