Filed 2/26/14  (Unmodified opinion attached)

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S189462 |
| v. | ) | |
| | ) | |
| THOMAS RAYMOND SHOCKLEY, | ) | |
| | ) | Stanislaus County |
| Defendant and Appellant. | ) | Super. Ct. No. 1238243 |
| _____ | ) | |

## ORDER MODIFYING OPINION AND
## DENYING PETITION FOR REHEARING

**THE COURT:**

The opinion in this matter filed on December 26, 2013, and appearing at 58 Cal.4th 400, is modified as follows and the petition for rehearing is denied:

On page 405, the third sentence in the third full paragraph that now reads: "If guilt of battery is predicated on guilt of lewd conduct — i.e., if a person guilty of lewd conduct is automatically also guilty of battery — there would be no elements of battery not also required of lewd conduct," is modified to read as follows:  "If guilt of battery is predicated on guilt of lewd conduct — i.e., if a person is guilty of battery *because* that person committed lewd conduct — neither crime would have an element not also required of the other."

This modification does not change the judgment.

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                      )

                                       )

        Plaintiff and Respondent,     )

                                       )             S189462

        v.                          )

                                       )       Ct.App. 5 F058249

THOMAS RAYMOND SHOCKLEY,    )

                                       )       Stanislaus County

        Defendant and Appellant.      )   Super. Ct. No. 1238243

_____)

We must decide whether battery is a lesser and necessarily included offense of lewd and lascivious conduct with a child under 14 years of age (hereafter referred to as lewd conduct). We conclude it is not.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2007, defendant Thomas Raymond Shockley attended a family gathering in Modesto to celebrate victim Jane Doe's 10th birthday. Jane, the stepdaughter of defendant's adult daughter, was not biologically related to defendant, but Jane often called him "grandpa." When Jane was alone at the computer, defendant kissed her on the lips and stuck his tongue in her mouth.

Two days later, as a birthday present to Jane, defendant took Jane and her nine-year-old stepsister (defendant's biological granddaughter) to the movies. On the drive home, Jane sat between defendant and her stepsister in the front seat. After Jane took off her sweatshirt, defendant began rubbing her bare stomach, near her belly button, with his hand. When Jane asked defendant if she could steer the

car, defendant told her to put her leg over his leg. Defendant rubbed Jane's genital area with his hand through her clothes for about five minutes. After giving her stepsister a worried look, Jane asked to switch seats with her.

When they got home, Jane told her stepsister what had happened in the car. She also told her father, who later called police. Modesto Police Officer Scott Nelson interviewed defendant. Defendant admitted rubbing Jane's stomach and poking her belly button. He said "his girlfriend would do the same thing to him just for fun." He denied rubbing Jane's genital area. Defendant said Jane could have thought he kissed her with his mouth open because at the theater, he spilled soda on his mouth and was licking the soda off with his tongue when Jane leaned over and kissed him. Defendant also thought that Jane might have said those things about him because she had had large coffee drinks after the movie, and the caffeine might have affected her thinking.

A jury found defendant guilty of lewd conduct under Penal Code section 288, subdivision (a) (section 288(a)). On appeal, he argued that the trial court had a sua sponte duty to instruct the jury on battery under Penal Code section 242 (section 242) as a lesser and necessarily included offense of lewd conduct. The Court of Appeal disagreed and affirmed the judgment. We granted defendant's petition for review.

## II. DISCUSSION

A trial court has a sua sponte duty to "instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 118) Substantial evidence in this context is evidence from which a reasonable jury could conclude that the defendant committed the lesser, but not the greater, offense. (*People v. Ochoa* (1998) 19 Cal.4th 353, 422.) "The rule's purpose is . . . to assure, in the interest of justice, the most accurate possible verdict encompassed

2

by the charge and supported by the evidence." (*People v. Breverman* (1998) 19 Cal.4th 142, 161.) In light of this purpose, the court need instruct the jury on a lesser included offense only "[w]hen there is substantial evidence that an element of the charged offense is missing, but that the accused is guilty of" the lesser offense. (*People v. Webster* (1991) 54 Cal.3d 411, 443.)

To determine if an offense is lesser and necessarily included in another offense for this purpose, we apply either the elements test or the accusatory pleading test. "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227-1228.) In this case, because the information charging defendant with lewd conduct simply tracked section 288(a)'s language without providing additional factual allegations, we focus on the elements test. (*People v. Anderson* (1975) 15 Cal.3d 806, 809.)

Under section 288(a), "any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony." "*Any* touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the *intent* to arouse or gratify the sexual desires of either the perpetrator or the victim." (*People v. Lopez* (1998) 19 Cal.4th 282, 289.) By focusing on the defendant's intent to sexually exploit a child rather than on the nature of the defendant's offending act, section 288 "assumes that young victims

3

suffer profound harm whenever they are perceived and used as objects of sexual desire." (*People v. Martinez* (1995) 11 Cal.4th 434, 444.)

"A battery is any willful and unlawful use of force or violence upon the person of another." (§ 242.) "Any harmful or offensive touching constitutes an unlawful use of force or violence" under this statute. (*People v. Martinez* (1970) 3 Cal.App.3d 886, 889, quoted in *People v. Pinholster* (1992) 1 Cal.4th 865, 961.) "It has long been established that 'the least touching' may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark." (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Crimes Against the Person, § 13, p. 804; see *People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. 12.)

Without analysis, the court in *People v. Santos* (1990) 222 Cal.App.3d 723, 739, stated that battery is not a lesser included offense of lewd conduct. In *People v. Thomas* (2007) 146 Cal.App.4th 1278, 1291-1293, the court disagreed with *Santos* and held that battery is a lesser included offense of lewd conduct. It rejected the People's argument that lewd conduct does not require an actual touching but battery does. It also noted that the "People do not dispute that any lewd act within the meaning of section 288 is necessarily a harmful or offensive touching." (*Thomas*, *supra*, at p. 1292, fn. 8, citing *People v. Martinez*, *supra*, 11 Cal.4th at p. 444.) We must resolve the conflict between these cases.

In this case, the People *do* dispute that a lewd act is necessarily a harmful or offensive touching, as battery requires. They argue that "a lewd act with a child does not always involve touching the victim in a harmful or offensive manner." Defendant argues to the contrary that touching a child with lewd intent is inherently harmful and objectively offensive, and, accordingly, every touching that satisfies the elements of section 288(a), because done with lewd intent, necessarily

4

is harmful or offensive for purposes of the battery statute. (Citing *J.C. Penney Casualty Ins. Co. v. M.K.* (1991) 52 Cal.3d 1009, 1026.)

We need not resolve this point. If we were to agree with defendant, that would mean this form of battery (where lewd conduct supplies the required harmful or offensive touching) is not a *lesser* and *included* offense of lewd conduct but is essentially the *identical* offense. If guilt of battery is predicated on guilt of lewd conduct — i.e., if a person guilty of lewd conduct is automatically also guilty of battery — there would be no elements of battery not also required of lewd conduct. Substantial evidence could never exist that an element of the lewd conduct offense is missing but that the defendant is guilty of battery as a lesser included offense. (See *People v. Webster*, *supra*, 54 Cal.3d at p. 443.) A jury could never find the defendant not guilty of lewd conduct (perhaps because of the lack of lewd intent), but guilty of battery, without finding some *other* element of battery not included within lewd conduct. Accordingly, even under defendant's argument, the court would never have to instruct on battery as a lesser included offense of lewd conduct.

One can easily commit battery without also committing lewd conduct, as when a person touches a child nonconsensually and harmfully but without lewd intent. In this situation, an element of the battery, the unwanted use of force, would not be included within the elements of lewd conduct. It would be a distinct requirement. For this reason, in a given case, the prosecutor might choose to charge a defendant with both lewd conduct *and* battery. If the touching of a child was nonconsensual and harmful, and thus a battery for reasons unrelated to any lewd intent, and if the evidence of lewd intent, although sufficient to go to a jury, was ambiguous enough that a jury might not find that intent, the prosecution might want to charge both lewd conduct and battery. The prosecution would have discretion to charge both crimes if it believed the facts warranted both charges.

5

(See *People v. Eubanks* (1996) 14 Cal.4th 580, 589.) If both crimes are charged, and depending on how it viewed the facts, the jury could find the defendant guilty of both crimes if it found the elements of each had been proven, or of either one, or of neither.

In response to the concurring and dissenting opinion, we merely conclude that when the elements of two offenses are essentially identical, as when guilt of battery would be predicated on being guilty of lewd conduct, neither is a lesser and included offense of the other. The concurring and dissenting opinion argues that if only lewd conduct is charged, and the jury finds no lewd intent, it should be permitted to convict the defendant of battery if it finds an offensive touching on some basis other than lewd intent. However, "[a] criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial." (*People v. Anderson*, *supra*, 15 Cal.3d at p. 809.) Convincing the jury there was no lewd intent would be a complete defense to a lewd conduct charge. Charging only lewd conduct would not provide the defendant with notice of the need to defend additionally against a battery charge based on an offensive touching not included within the elements of lewd conduct.

For these reasons, battery is not a lesser included offense of lewd conduct. Accordingly, if only lewd conduct is charged, the trial court has no duty to instruct on battery as a lesser included offense. Of course, if both lewd conduct and battery are charged, the court would have to instruct on battery, but that would be as a separately charged offense, and not as a lesser included offense.

6

### III. CONCLUSION

We affirm the judgment of the Court of Appeal.  We also disapprove *People v. Thomas*, *supra*, 146 Cal.App.4th 1278, to the extent it is inconsistent with this opinion.

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
BAXTER, J.
CORRIGAN, J.
LIU, J.

7

**CONCURRING AND DISSENTING OPINION BY KENNARD, J.**

The majority holds that battery (Pen. Code, § 242; all unspecified statutory citations are to this code) is *not* a lesser offense necessarily included within the crime of lewd conduct with a child younger than 14 years (§ 288, subd. (a)). I disagree, as in my view a lewd act on a child is always a battery. Nevertheless, I agree with the majority's affirmance of the Court of Appeal's judgment because, on the facts presented, no reasonable jury could have concluded that defendant committed *only* the lesser offense of battery, but not the greater offense of lewd conduct with a child.

**I**

On October 17, 2007, defendant Thomas Raymond Shockley was at a family party in Modesto, California, to celebrate the 10th birthday of Jane Doe, the stepdaughter of defendant's adult daughter, Hannah. On this occasion, defendant kissed Jane on the lips, inserting his tongue into her mouth.

Two days later, defendant took Jane and her nine-year-old stepsister (Hannah's daughter from a prior relationship) to a movie theater. On the drive home, Jane sat between defendant and her stepsister. Defendant put his arm around Jane's shoulder and began rubbing her stomach. When Jane asked if she could steer the car, defendant told her to put her leg over his leg. Then, for about five minutes, while Jane's hands were on the steering wheel, defendant rubbed her vaginal area with his hand outside her clothes.

1

When they got home, Jane and her stepsister went into Jane's bedroom. Crying, Jane told her stepsister what had happened in the car. Jane then told her father, who called the police. Officer Scott Nelson questioned defendant. Defendant said that Jane could have thought that he kissed her with his mouth open because, when they were at the theater, defendant spilled soda on his face and, while he was licking off the soda with his tongue, Jane kissed him on the lips. Thereafter, on the drive home from the theater, defendant put his arm around Jane, poked her in the belly button, and rubbed her stomach. Defendant denied rubbing Jane's vaginal area. Jane's different version of the events, defendant said, could have been affected by the caffeine in the large coffee drink she had after the movie.

Defendant was charged with a single count of lewd conduct with a child younger than 14 years. (§ 288, subd. (a).) The jury found him guilty of the charge.

On appeal, defendant faulted the trial court for not instructing the jury on the court's own initiative that battery (§ 242) is a lesser offense necessarily included within the crime of lewd conduct with a child. The Court of Appeal rejected that argument, as does this court's majority, which disapproves a contrary holding by the Court of Appeal in *People v. Thomas* (2007) 146 Cal.App.4th 1278, 1291-1293. I disagree with the majority, for the reasons given below.

## II

If " 'a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*People v. Milward* (2011) 52 Cal.4th 580, 585; see also *People v. Birks* (1998) 19 Cal.4th 108, 117.) The question here is: Can a defendant engage in lewd conduct with a child younger than 14 years without also perpetrating the lesser offense of battery? My answer is "no."

2

Battery is statutorily defined as "any willful and unlawful use of force or violence upon the person of another." (§ 242.) Thus, the crime of battery has two elements: (1) a use of force or violence that is (2) willful and unlawful. The first element is satisfied by any touching. (*People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. 12.) The second element of battery, willfulness and unlawfulness, is satisfied by any touching that is harmful or offensive. (*People v. Pinholster* (1992) 1 Cal.4th 865, 961.)

Lewd conduct on a child has three elements: (1) a touching (2) of a child younger than 14 years (3) done with lewd intent. (§ 288, subd. (a).) Thus, the crime of lewd conduct requires a touching (battery's first element) done with lewd intent. Lewd intent is the desire to "arous[e], appeal[] to, or gratify[] the lust, passions, or sexual desires of [the molester] or the child . . . ." (*Ibid.*) Touching a child with lewd intent is always harmful or offensive (battery's second element). "[Y]oung victims suffer profound harm whenever they are perceived and used as objects of sexual desire." (*People v. Martinez* (1995) 11 Cal.4th 434, 444; see also *J. C. Penney Casualty Ins. Co. v. M. K.* (1991) 52 Cal.3d 1009, 1026 ["Some acts are so inherently harmful that the intent to commit the act and the intent to harm are one and the same. . . . Child molestation is not the kind of act that results in emotional and psychological harm only occasionally."].) Therefore, one who commits lewd conduct on a child necessarily commits the lesser offense of battery.

The majority has a contrary view, based on a novel theory. The opinion's cursory analysis lacks clarity, but it appears to say the following.

Battery, according to the majority, can be divided into two categories: (1) battery committed by a harmful or offensive touching *with* lewd intent, and (2) battery committed by a harmful or offensive touching *without* lewd intent. According to the majority, if a defendant is charged with lewd conduct and the evidence shows battery with lewd intent (the first category), the trial court need

not instruct on the lesser offense of battery because there is no possibility that the defendant is guilty of battery but not lewd conduct. But, the majority says, if a defendant is charged with *nonlewd* conduct and the facts show a touching *without* lewd intent (the second category of battery), then the nonlewd harmful or offensive touching is a "distinct requirement" that "would not be included within the elements of lewd conduct." (Maj. opn., *ante*, at p. 5.) Therefore, the majority concludes, neither category of battery is a lesser offense necessarily included within the crime of lewd conduct with a child. My criticism is twofold.

*First*, as noted earlier, in deciding whether a crime is a lesser offense necessarily included within another, the inquiry is whether the greater offense can be committed without also committing the lesser crime. (*People v. Sanders* (2012) 55 Cal.4th 731, 737; *People v. Birks*, *supra*, 19 Cal.4th at p. 117; *People v. Pendleton* (1979) 25 Cal.3d 371, 382; *People v. Marshall* (1957) 48 Cal.2d 394, 398; *People v. Greer* (1947) 30 Cal.2d 589, 596.) That test was articulated by this court more than 65 years ago. Today, the majority devises a new test to reach its result. As part of this two-category test, described in the preceding paragraph, the majority concludes that in certain specified circumstances the trial court need not *instruct* on battery as a lesser included offense of lewd conduct (maj. opn., *ante*, at p. 5) and it holds, on that basis, that battery is *not* a lesser included offense of lewd conduct (maj. opn., *ante*, at p. 6). Thus, the majority confuses the standard for determining whether a trial court *should instruct* on a lesser included offense (see *People v. Medina* (2007) 41 Cal.4th 685, 700) with the standard for determining whether a crime *is* a lesser included offense. Does the new test replace the traditional test? If so, why? The majority offers no answers.

*Second*, the majority's two-category test does not adequately address the possibility of *conflicting* evidence on whether a defendant's conduct falls within one or the other category. For instance, what if the evidence at trial shows that a

4

defendant committed an offensive touching of a child (a battery), but there is conflicting evidence on whether the touching was done with lewd intent? In this situation, the jury should not be deprived of its right to decide whether the defendant is guilty only of battery or of lewd conduct with a child as well. But under the majority's test, the jury does not get to make this decision. If, as the majority says, battery is not a lesser included offense of lewd conduct with a child, the jury is given only two options: The jury can either convict the defendant of the charged crime of lewd conduct with a child, or it can acquit the defendant. This defeats the purpose for requiring instructions on lesser included offenses. As this court has explained: "Truth may lie neither with the defendant's protestations of innocence nor with the prosecution's assertion that the defendant is guilty of the offense charged, but at a point between these two extremes . . . . A trial court's failure to inform the jury of its option to find the defendant guilty of the lesser offense would impair the jury's truth-ascertainment function." (*People v. Barton* (1995) 12 Cal.4th 186, 196.)

The majority's response: When the evidence is "ambiguous enough that a jury might not find [lewd] intent, . . . [t]he prosecution would have discretion to charge both" battery and lewd conduct. (Maj. opn., *ante*, at p. 5.) But that is not a tactical decision for the prosecution to make. When, as here, a charged offense cannot be committed without also committing another, less serious crime, and the evidence is ambiguous as to which crime was committed, *the jury* should not be denied the opportunity to decide whether the defendant committed the more serious crime or only the lesser offense. As this court has observed, "[o]ur courts are not gambling halls but forums for the discovery of truth." (*People v. St. Martin* (1970) 1 Cal.3d 524, 533.)

Whether here the trial court, on its own initiative, was required to instruct the jury on the lesser offense of battery is discussed below.

## III

A trial court must instruct on a lesser included offense only when reasonable jurors could conclude that the defendant committed *only* the lesser but not the greater offense. (*People v. Medina*, *supra*, 41 Cal.4th at p. 700.) Here, the prosecution relied on three acts to prove the lewd conduct charge against defendant: rubbing 10-year-old Jane Doe's vaginal area, rubbing her stomach, and kissing her on the lips while inserting his tongue into her mouth. As I explain, those acts would not have provided a reasonable basis for the jury to conclude that defendant committed *only* battery, and not the greater offense of lewd conduct with a child.

As to rubbing Jane's vaginal area, the only issue at trial was whether (as Jane testified) defendant did so, or whether (as defendant told the police) he did not — if defendant did, he indisputably acted with lewd intent, because there was no evidence that he had a nonsexual reason to touch Jane's vaginal area. Thus, no reasonable juror could have concluded that rubbing Jane's vaginal area constituted the lesser offense of battery and not the greater offense of lewd conduct with a child.

As to rubbing Jane's stomach, if the jury determined that defendant did so with the requisite lewd intent, he would be guilty of both the greater offense of lewd conduct and the lesser offense of battery. But if the jury found that defendant lacked such intent, he would be guilty of neither lewd conduct (because he lacked lewd intent) nor of battery (because there was no evidence that rubbing Jane's stomach without lewd intent was either harmful or offensive).

As to the kissing, if the jury concluded that, as Jane had testified, defendant put his tongue in her mouth while kissing her, the jury would necessarily have found that defendant acted with the requisite lewd intent when he did this act and was thus guilty of the charged crime of lewd conduct with a child. This is because

6

sticking one's tongue in the mouth of the person being kissed is so inherently sexual in nature that no reasonable jury would conclude that defendant lacked lewd intent if he did that act. But if the jury concluded that, as defendant had told the police, Jane kissed him while he was licking soda off his lips and he did not put his tongue in Jane's mouth, then no reasonable jury could have found that defendant touched Jane in a harmful or offensive manner, which is required for battery. Under that version of events, defendant was not guilty of either lewd conduct or battery.

Thus, as to each of the three alleged acts on which the prosecution relied, the jury could have found defendant guilty of the charged crime of lewd conduct, or it could have found defendant not guilty of either lewd conduct or battery, but it could not have found that defendant committed only battery but not lewd conduct. The trial court therefore was not required to instruct the jury, on the court's own initiative, on the lesser offense of battery.

KENNARD, J.

I CONCUR:

WERDEGAR, J.

7

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Shockley

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 190 Cal.App.4th 896
**Rehearing Granted**

_____

**Opinion No.** S189462
**Date Filed:** December 26, 2013

_____

**Court:** Superior
**County:** Stanislaus
**Judge:** Thomas D. Zeff

_____

**Counsel:**

Gregory W. Brown, under appointment by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lloyd G. Carter, Janet Neeley and Leanne LeMon, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Gregory W. Brown
2280 Grass Valley Highway #342
Auburn, CA 95603
(530) 401-5554

Leanne LeMon
Deputy Attorney General
2550 Mariposa Mall, Room 5090
Fresno, CA 93721
(559) 477-1674