**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID BUSBY,

Defendant - Appellant.

No. 14-10149

D.C. No. 4:11-cr-00188-SBA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted May 13, 2015
San Francisco, California

Before: KOZINSKI, PAEZ, and CLIFTON, Circuit Judges.

David Busby appeals his conviction under 18 U.S.C. § 2252(a)(4)(B), and

his ten year mandatory minimum sentence under § 2252(b)(2). Busby challenges

various aspects of his conviction and sentence. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Busby challenges the district court's denial of his motions to suppress statements he made to two detectives on April 22, 2010, and to two federal agents on May 6, 2010. Busby argues that on both occasions he was in custody and the law enforcement officers failed to give him the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966). We disagree.

When Busby met with the detectives on April 22, 2010, he was not in custody for purposes of *Miranda*. Under the circumstances of the encounter, a reasonable person would have felt free to end the interrogation. *See United States v. Craighead*, 539 F.3d 1073, 1082–88 (9th Cir. 2008). The officers questioned Busby at his house, permitted his wife to remain for the questioning, did not unholster their weapons, used open-ended questions without specifying the type of evidence the government had found, and did not use improper intimidation or make promises to Busby. *Cf. id.*

Similarly, Busby was not in custody for purposes of *Miranda* when he met with the federal agents on May 6, 2010. The two agents questioned Busby at his house, wore plain clothes, did not show or unholster their weapons, and did not use improper intimidation. *Cf. Craighead*, 539 F.3d at 1082–88.

**2.** Busby also argues that his statements on April 22 and May 6 were involuntary under the Fifth Amendment. This argument is without merit. Given

2

the nature and limited duration of each incident, Busby's statements during both interrogations were voluntary. *See Doody v. Ryan*, 649 F.3d 986, 1008 (9th Cir. 2011) (en banc).

**3.** Busby next argues that the district court erred by refusing to suppress Busby's May 6 statements as products of the illegal search conducted at his house on April 22. In applying the test set forth in *United States v. Shetler*, 665 F.3d 1150, 1158 (9th Cir. 2011), the district court did not err. Busby knew about both the illegal search of his home and the legal search of his workplace. Although one of the federal agents at the May 6 encounter referred to all of Busby's computers, the agent told Busby that he had not yet analyzed the computers. When Busby referenced computers in his statements to the agents, he referenced his work computers. On this record, the government met its burden of showing that Busby's statements were not the fruit of the unlawful search.

**4.** Busby next claims that the district court committed reversible error by admitting a prior 1990 conviction to show knowledge and motive. Even assuming that the district court abused its discretion in admitting the prior conviction, an issue we do not decide, any such error was harmless. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005). Evidence admitted at trial, in particular, Busby's pretrial statements, the evidence found in unallocated space

3

on computers assigned to Busby, and the log file search term evidence, demonstrates that the admission of the 1990 conviction was harmless.

**5.** Busby also argues that the district court committed reversible error in sustaining an objection on hearsay grounds to Busby's expert's testimony about certain disclosures on the websites he visited. Busby proffered this evidence not for the truth of the matter asserted, but rather as nonhearsay to show the effect of the websites' assurances of legality on a viewer. *See* Fed. R. Evid. 801(c). Although the proffered testimony was not hearsay, the error in excluding it was harmless beyond a reasonable doubt. *See United States v. Evans*, 728 F.3d 953, 966–67 (9th Cir. 2013). The trial evidence relating to Busby's mens rea included, among other things, log file evidence of search terms and Busby's pretrial statements to the police and federal agents.

**6.** Busby also argues that the district court erred in failing to instruct the jury on a "promptly and in good faith" deletion defense, 18 U.S.C. § 2252(c). We disagree. "A defendant is entitled to have the jury instructed on his or her theory of defense, as long as that theory has support in the law and some foundation in the evidence." *United States v. Perdomo-Espana*, 522 F.3d 983, 986–87 (9th Cir. 2008).

4

Here, there was no foundation in the evidence for Busby's requested instruction. Busby did not link evidence of deletion with evidence that such deletion occurred promptly. *See* § 2252(c). First, files in unallocated space contained no information or metadata regarding when or how they first appeared in unallocated space. Second, although Busby may have deleted all of the relevant files before and did not appear agitated when staff confronted him on April 20, those facts do not support an instruction regarding whether Busby *promptly* deleted the relevant files. Thus, the district court did not err in declining to give the requested instruction.

**7.** Finally, Busby challenges the district court's imposition of a mandatory minimum sentence despite the district court indicating that it "otherwise . . . would not be likely to impose that sentence." Busby's argument, however, is foreclosed by *United States v. Farmer*, 627 F.3d 416, 422 (9th Cir. 2010). We therefore affirm the district court's sentence.

**AFFIRMED.**