**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO BERNAL-BERMUDEZ, | No. 13-72198 |
| Petitioner, | Agency No. A076-221-017 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Fernando Bernal-Bermudez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision finding him removable and denying his

application for adjustment of status in conjunction with a waiver of inadmissibility

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and grant in part the petition for review, and remand.

The agency correctly determined that Bernal-Bermudez's conviction under California Penal Code § 288(a), for attempting to commit a lewd and lascivious act on a child less than 14 years of age, constitutes "sexual abuse of a minor," an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). This court has "repeatedly held that California Penal Code § 288(a) categorically involves 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)." *United States v. Farmer*, 627 F.3d 416, 419-20 (9th Cir. 2010) (citing *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999); *United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003)). To the extent Bernal-Bermudez contends that this line of cases was wrongly decided, a three judge panel cannot reconsider or overrule circuit precedent in the absence of an intervening Supreme Court or en banc decision. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

At the time it decided this case, the BIA did not have the benefit of this court's decision in *Negrete-Ramirez v. Holder*, concluding that an adjustment of status after entering the country does not constitute an "admission" under INA § 212(h). 741 F.3d 1047, 1054 (9th Cir. 2014). Accordingly, we remand for the BIA to consider Bernal-Bermudez's eligibility for a § 212(h) waiver in light of this intervening law.

Each party shall bear its own costs for this petition for review.

**PETITION DENIED in part; GRANTED in part; REMANDED.**