

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50407 |
| Plaintiff-Appellee, | DC No. CR 13-3138 LAB |
| v. | |
| CARLOS DAVID GUTIERREZ-FLORES, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50408 |
| Plaintiff-Appellee, | DC No. CR 15-0064 LAB |
| v. | |
| CARLOS DAVID GUTIERREZ-FLORES, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 7, 2016
Pasadena, California

Before: REINHARDT, TASHIMA, and PAEZ, Circuit Judges.

In No. 15-50408, Carlos Gutierrez-Flores ("Gutierrez"), a citizen of Mexico, appeals his enhanced sentence, and in No. 15-50407, the revocation of his supervised release imposed in an earlier case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2002, Gutierrez was convicted of violating California Penal Code § 288(a), which prohibits lewd and lascivious acts with children under age fourteen. He was deported to Mexico in December 2006. After he was discovered in California seven years later, Gutierrez was convicted of being a removed alien found in the United States under 8 U.S.C. § 1326(a). After serving his prison term, he was deported again, but remained subject to the terms of his supervised release. One of the terms of his supervised release required him to refrain from "commit[ting] another federal, state or local crime."

In 2015, Gutierrez was arrested when he attempted to cross the border at the San Ysidro Port of Entry using another person's Permanent Resident Card. He was charged with attempted reentry under § 1326(a). Based on the same conduct, the

2

government filed a petition to revoke his supervised release in the earlier case for having committed another federal crime.

The district court held an evidentiary hearing on Gutierrez's alleged supervised release violation. A border patrol agent, who was not present at the arrest, testified from a report describing Gutierrez's attempted reentry. Upon a finding that Gutierrez had committed a federal crime, *i.e.*, attempted reentry, the district court revoked his supervised release. One month later, Gutierrez pled guilty to attempted reentry in the newer case.

The district court then held a combined sentencing hearing in both cases. In the newer case, the court enhanced Gutierrez's sentence based on its conclusion that his prior conviction under California Penal Code § 288(a) was a "crime of violence," specifically, "sexual abuse of a minor." U.S.S.G. § 2L1.2(b)(1)(A) (2015). Before sentencing Gutierrez on the supervised release violation in the earlier case, the district court took judicial notice of his guilty plea in the newer case and then re-revoked his supervised release.

**1.** At the time Gutierrez was sentenced, the Sentencing Guidelines recommended a sixteen-level enhancement for a defendant convicted of attempted reentry who had a prior conviction for any felony "crime of violence." U.S.S.G.

§ 2L1.2(b)(1)(A) (2015).[1]  The Guidelines defined "crime of violence" to include "sexual abuse of a minor."  U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).  At issue is whether the district court correctly determined that § 288(a) is "sexual abuse of a minor."  We review that determination de novo.  *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1083 (9th Cir. 2015).

To determine whether a violation of § 288(a) is "sexual abuse of a minor," we  apply the categorical approach, which "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime."  *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  Section 288(a) criminalizes the conduct of "[a]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child."  The question is whether those "elements are the same as, or narrower than" the elements of "sexual abuse of a minor" as generically understood.  *See id.*

We answered that question in *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009), in which we determined that the elements of the generic offense of

---

[1]     This Guideline was amended on November 1, 2016.  Neither party argues that the amendment has any substantive effect in this case.

"sexual abuse of a minor" are "whether the conduct proscribed by the statute is sexual; whether the statute protects a minor; and whether the statute requires abuse." *Id.* at 513. Abuse is "'physical or psychological harm' in light of the age of the victim in question." *Id.* Comparing these elements with the elements of § 288(a), the *Medina-Villa* court concluded that "a conviction under California Penal Code section 288(a) . . . constitutes 'sexual abuse of a minor.'" *Id.*

(a) Gutierrez argues that we should not follow *Medina-Villa* because it contravened *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc). We have already rejected that argument. *See United States v. Farmer*, 627 F.3d 416, 421 (9th Cir. 2010) ("[T]he definitions of 'sexual abuse of a minor' laid out in *Estrada-Espinoza* and *Medina-Villa* are complementary, not inconsistent.").

(b) Gutierrez next contends that *Medina-Villa* has been overruled by cases showing that the scope of conduct that can satisfy the abuse element of the federal definition is narrower than the scope of conduct that is forbidden by § 288(a). To show that *Medina-Villa* has been "effectively overruled" in this way, Gutierrez must cite cases decided by "intervening higher authority" that are "clearly irreconcilable" with *Medina-Villa*'s understanding of abuse. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

5

Gutierrez contends that caselaw shows that only an adult can perpetrate abuse under the federal definition, whereas a child can be liable for violating § 288(a). In support, Gutierrez relies entirely on cases decided prior to *Medina-Villa*. The argument fails at the outset, because cases decided before *Medina-Villa* could not have overruled it.

Gutierrez also contends that a defendant can be liable under § 288(a) even if the victim suffered no harm, whereas physical or psychological harm is required to meet the federal definition of abuse. In support, he cites three post-*Medina-Villa* cases: *People v. Shockley*, 314 P.3d 798 (Cal. 2013); *People v. Valenti*, 197 Cal. Rptr. 3d 317 (Ct. App. 2016); and *People v. Lopez*, 111 Cal. Rptr. 3d 232 (Ct. App. 2010). Even if all three cases had been decided by a "higher authority,"[2] they are not irreconcilable with *Medina-Villa* because they do not show that § 288(a) has a broader understanding of abuse than does "sexual abuse of a minor."

Gutierrez reasons that *Valenti* and *Lopez* were § 288(a) prosecutions in which the defendants' conduct was not egregiously sexual. *See Valenti*, 197 Cal. Rptr. 3d at 333 (defendant "kissed and hugged" the victim); *Lopez*, 111 Cal. Rptr.

---

[2] Gutierrez has cited no authority for the proposition that a decision of a California intermediate appellate court could be "higher" authority in this context. *See Miller*, 335 F.3d at 892–93 (referring to "an intervening United States Supreme Court decision, or an intervening decision on controlling state law by a state court of last resort" as "intervening higher authority").

3d at 236 (defendant directed his step-daughters "to dress in lingerie or bathing suits" and crawl on the floor blindfolded). As a result, the victims may not have been psychologically harmed because they may have been unaware that the defendant was sexually gratified by the conduct.[3] *See Valenti*, 197 Cal. Rptr. 3d at 351 (victim's mother testified that she had "not noticed" that the victim had sustained "any emotional scars"). Gutierrez contends that these two cases, together with *Shockley*'s holding that battery is not a lesser included offense of § 288(a), 314 P.3d at 802, show that neither psychological nor physical harm to a child is required under § 288(a), although it is under the federal definition.

We disagree. The federal definition requires no greater showing of harm than did *Valenti*, *Lopez*, and *Shockley*. Under federal law, "'[s]exual conduct involving younger children is *per se abusive*." *Farmer*, 627 F.3d at 419 (quoting *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1014 (9th Cir. 2009)) (emphasis added); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) ("The use of

---

[3] These cases are distinguishable from the North Carolina case at issue in *United States v. Baza-Martinez*, 464 F.3d 1010 (9th Cir. 2006). There, the child victim was *certainly* unaware of the conduct of the defendant, who videotaped her "without her knowledge." *Id.* at 1017. The *Baza-Martinez* court reasoned that it was impossible for the victim to have experienced psychological harm until she became aware of the conduct. *Id.* Since she only learned of what had happened when she was no longer a minor, the court held that the state conviction was not for "sexual abuse of a minor." *Id.*

young children as objects of sexual gratification . . . constitutes maltreatment, no matter its form.").[4] "'[Y]ounger children' in this context means children younger than fourteen." *Farmer*, 627 F.3d at 419. Under this *per se* rule, whether the defendant's conduct was sexual to a lesser or greater degree is immaterial to whether the conduct was harmful and abusive. The victims in *Valenti*, *Lopez*, and *Shockley* all experienced abuse within the meaning of "sexual abuse of a minor," because the triers of fact concluded that the defendants used them for sexual gratification, and "[t]he use of young children as objects of sexual gratification . . . constitutes maltreatment, no matter its form." *Baron-Medina*, 187 F.3d at 1147.

**2.** Next, Gutierrez contends that the district court erred by allowing a border patrol officer to testify to the contents of another officer's report without first "weigh[ing] the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). We agree that the district court erred in not weighing these considerations. *See id.*

---

[4] This is a sound rule. Young children who are the object of sexual abuse may have no memory of it. Others may remember but not understand the abusive nature of the conduct. Proving that such children experienced psychological harm may be impossible in some instances. Yet we "reject the notion . . . that Congress intended . . . to excuse an individual who preys upon a child too young to [remember or] understand the nature of his advances." *See Baron-Medina*, 187 F.3d at 1147.

We conclude, however, that the error was harmless. The hearsay evidence was of no import because Gutierrez's guilty plea in the more recent case established that he violated his supervised release in the earlier case. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003). Although Gutierrez contends that the district court erred in reopening the record to take judicial notice of his plea, "[a] district court is afforded wide discretion" to reopen the evidence. *United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001). Gutierrez has not shown that the district court abused its discretion.

· ● ·

In sum, a violation of § 288(a) is categorically "sexual abuse of a minor"; therefore, the district court did not err in enhancing Gutierrez's sentence in No. 15-50408. Neither did the district court err in admitting and relying on Gutierrez's guilty plea in the more recent case to support its revoking his supervised release in No. 15-50407. Because that evidence renders the hearsay testimony of the border patrol officer, which goes to the same contested issues, virtual surplusage, it was harmless error to admit that testimony without conducting the *Comito* balancing test.

In No. 15-50407, the revocation of supervised release is **AFFIRMED.**

In No. 15-50408, the sentence is **AFFIRMED.**

9

*United States v. Gutierrez-Flores*, 15-50407

Reinhardt, Circuit Judge, concurring in the result only:

I concur, although I find the state of our law regarding sexual abuse of a minor to be hopelessly incoherent. The majority disposition accurately states that we have set forth the elements of the generic federal offense as follows: "[that] the conduct proscribed by the statute is sexual; [that] the statute protects a minor; and [that] the statute requires abuse." *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). In the very next sentence of *Medina-Villa*, we defined "abuse" as "physical or psychological harm." *Id.* In that same case, however, we endorsed *Baron-Medina*, which recognized that "[e]ven an 'innocuous' touching, 'innocently and warmly received,' violates Section 288(a) if effected with lewd intent." *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (quoting *People v. Lopez*, 965 P.2d 713, 717-18 (Cal. 1998)). Inexplicably, we then held that Section 288(a) was not broader than the generic federal offense. *Id.*; *see also Medina-Villa*, 567 F.3d at 513. It appears to me that under our case law, the generic offense as defined in *Medina-Villa* is clearly narrower than the California statute in that the former requires "physical or psychological harm," whereas the latter may be satisfied where there is no such harm but the intent is lewd or the act is simply "corrupt, improper, and contrary to good order." *Baron-Medina*, 187 F.3d at 1147.

The argument that recent changes to the California law expand its scope and as a result make *Baron-Medina* and *Medina-Villa* inapplicable is based on the assumption that there has been a change in the California courts' construction of California law. Had there been such a change, we might have had to reexamine the question whether the California statute is broader than the generic federal offense. However, my reading of the California cases is that they did not modify California law, and that the California statute is now construed no more broadly than it was at the time we decided *Baron-Medina* and *Medina-Villa*, i.e. more broadly than the generic federal offense requiring "physical or psychological harm."

This panel is not in a position to straighten out our law. It has been applied consistently despite its incoherent analysis since *Baron-Medina* and *Medina-Villa*, and no intervening case has changed that fact. Whatever I might do as a member of an en banc court, I am not free to refuse to apply the governing precedent in our court to the case before us. For this reason, I concur in the result only.